5/26/2017 11:46:12 AM
Chris Daniel - District Clerk Harris County
Envelope No. 17276408
By: Nelson Cuero
Filed: 5/26/2017 11:46:12 AM

2017-35651 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| **NOBILIS HEALTH CORP.,** | § § § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| | § § | |
| **GREAT AMERICAN INSURANCE COMPANY,** | § § § | \_\_\_\_ JUDICIAL DISTRICT |
| **Defendant.** | § § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Nobilis Health Corp. ("Nobilis") files this petition complaining of Great American Insurance Company ("Great American") for breach of its insurance contract with Nobilis and for breach of its duty of good faith and fair dealing with its insured, Nobilis.

### A. Discovery Level

1. Nobilis pleads that discovery should be conducted in accordance with a Level 3 Discovery-Control Plan under Texas Rule of Civil Procedure 190.3.

### B. Parties

2. Plaintiff Nobilis is a British Columbia, Canada corporation with its principal place of business at 11700 Katy Freeway, Suite 300, Houston, Harris County, Texas 77079.

3. Defendant Great American is an Ohio corporation with its principal place of business at 301 E. Fourth Street, Cincinnati, Ohio, 45202. Great American may be served through the Ohio Secretary of State for service of process, Attention: Paralegal Division – Service of Process, 180 E. Broad Street, 16th Floor, Columbus, Ohio 43215.

### C. Jurisdiction and Venue

4. The damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief in excess of $1,000,000.00.

654838.4

**Exhibit 1**

5. Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1), venue is proper in Harris County, Texas, because a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

6. Venue is further proper per TEX. CIV. PRAC. & REM. CODE ANN. § 15.032 because the insured is situated in Harris County.

**D.   Nature of the Case**

7. Nobilis, formerly known as Northstar Healthcare, Inc., is a Houston-based healthcare development and management company. It owns, operates, and/or manages 25 locations throughout Texas and Arizona, including 4 hospitals, 10 ambulatory surgery centers, and 11 clinics. It further partners with several dozen facilities across the United States, and markets multiple brands and services.

8. Nobilis is a publicly-traded corporation. Since 2007, the company has traded its shares on the Toronto Stock Exchange. Since 2015, the company has also traded its shares on the New York Stock Exchange MKT ("NYSE MKT").

9. Like nearly all publicly-trade corporations, Nobilis bought a Director and Officer ("D&O") insurance policy for its company.

10. Nobilis's D&O insurer for the period of October 30, 2014 to October 30, 2015 was Great American.

11. In October 9, 2015, an anonymous poster on the website *Seeking Alpha* published an article attacking various aspects of Nobilis's business and claiming that the company's stock was seriously overpriced. In the following days, Nobilis's stock price plunged, and on October 21, 2015, a class action lawsuit, *Hall v. Nobilis Health Corp.*, Case No. 4:15-cv-03098,

**Exhibit 1**

was filed in the Southern District of Texas alleging securities fraud by Nobilis and certain of its officers. The principal plaintiff's attorneys in the *Hall* suit were with the Pomerantz firm in New York.

12. Consistent with its obligations under its Great American policy, Nobilis timely notified Great American of the *Seeking Alpha* report and the *Hall* suit, and in response, Great American agreed to provide coverage on Nobilis's claim.

13. In December 2015, Nobilis obtained the voluntary dismissal of the *Hall* suit, as plaintiff in that case was not willing or able to respond to a pending motion to dismiss.

14. However, in January 2016, the Pomerantz firm returned to file another class action suit, *Schott v. Nobilis Health Corp. et al.*, No. 4:16-CV-141, in the Southern District of Texas. The *Schott* case made materially similar factual and legal allegations to those in the *Hall* case.

15. That same month, a Canadian firm filed a class action securities fraud suit—containing substantially similar allegations to the *Hall* and *Schott* suits, in the Ontario Superior Court of Justice. *See Cappelli v. Nobilis Health Corp. et al.*, No CV-16-544173.

16. Again, Nobilis timely notified Great American of the claims against it, i.e., the *Schott* and *Cappelli* suits.

17. However, in a letter dated April 22, 2016, counsel for Great American denied coverage to Nobilis and refused to provide a defense on the basis that the *Schott* and *Cappelli* suits were not related to the *Seeking Alpha* report and the *Hall* lawsuit, even though the *Schott* and *Cappelli* cases contained nearly identical factual and legal allegations to those in the earlier *Hall* lawsuit. The reason the insurer gave for refusing coverage was that the later-filed lawsuits

Unofficial Copy Office of Chris Daniel District Clerk

**Exhibit 1**

allegedly did not involve the same Wrongful Acts or Related Wrongful Acts as those terms were used in the D&O Policy.

18. Great American made this denial in spite of the fact that, among other things:

   a. All three suits contained nearly identical class periods;
   b. The same class action firm brought the two Southern District of Texas cases;
   c. All three suits identified the *Seeking Alpha* post as the original corrective disclosure;
   d. All three suits were predicated upon allegations that Nobilis made misrepresentations regarding its financial state and accounting procedures;
   e. All three suits alleged that Nobilis engaged in accounting irregularities and misreported its financials in the 2014-Q2 2015 time period, thus inflating the company's stock price; and
   f. All three suits alleged that Nobilis made misrepresentations regarding the proper accounting of receivables connected to one of its 2014 acquisitions.

19. In October 2016, plaintiffs in the *Schott* case again voluntarily dismissed their case, this time after the District Court, Hon. Lee Rosenthal, granted Nobilis's Motion to Dismiss, albeit with leave to amend. The *Cappelli* case remains ongoing. In both cases, Nobilis has spent substantial sums of money—in excess of $1,000,000 in total—defending itself without reimbursement by Great American.

20. Following Great American's denial of coverage, Nobilis retained counsel in an effort to reach a compromise between the parties. However, Great American has continued to deny coverage and refuse to provide a defense to Nobilis, thus necessitating this lawsuit.

E. **Cause of action for Breach of the Duty of Good Faith and Fair Dealing**

21. Nobilis repeats and realleges each and every allegation contained above as if fully set forth herein.

22. Defendant Great American denied and refused to provide coverage under its

4

654838.4

**Exhibit 1**

insurance contract with Nobilis when it knew or should have known that coverage of the claims against Nobilis was reasonably clear.

23. Under Texas law, an insurer's decision to deny coverage under its insurance contract when it should have known that coverage was reasonably clear constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

24. Nobilis seeks recovery of all tort damages suffered as a result of Defendant's breach, including economic damages which resulted from the breach of its duty of good faith and fair dealing. In addition, Nobilis seeks prejudgment and postjudgment interest and court costs.

F.  **Cause of action for Breach of Contract**

25. Nobilis repeats and realleges each and every allegation contained above as if fully set forth herein.

26. The relationship between Nobilis and Great American was memorialized in a series of contractual documents.

27. In these contracts, Defendant agreed that it would pay Claims made by Nobilis, and that "More than one Claim involving the same Wrongful Acts or Related Wrongful Acts . . . shall be considered a single claim. All such Claims constituting a single Claim shall be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made."

28. The parties further agreed that "If, during the Policy Period . . . any Insured [Nobilis] first becomes aware of a specific Wrongful Act and gives notice to the Insurer [Defendant] of: (i) the specific Wrongful Act, (ii) the injury or damage which has or may result therefrom; and (iii) the circumstances by which the Insured [Nobilis] first become aware thereof;

**Exhibit 1**

then any claim arising out of such Wrongful Act which is subsequently made against the Insured [Nobilis] shall be deemed to have been made at the time the Insurer [Defendant] received such written notice from the Insured [Nobilis]."

29. Here, there is no dispute that Nobilis made a timely claim as to the *Seeking Alpha* post and resulting *Hall* suit, and that Defendant agreed to provide coverage.

30. Yet in spite of this, and in breach of its contractual obligations, Defendant denied coverage on the basis that the *Schott* and *Cappelli* suits were not related to the *Seeking Alpha* post and the resulting *Hall* suit.

31. In defending itself, *supra*, Nobilis incurred costs in excess of $1 million that must be reimbursed by Defendant.

32. Nobilis seeks recovery of all damages suffered as a result of Defendant's breach of contract.

33. Nobilis seeks recovery for the attorneys' fees it has incurred in bringing and prosecuting this lawsuit.

G.   **Knowledge**

34. Each of the acts described above, together and singularly, was done knowingly, as that term is used in the Texas Insurance Code, and was a cause of Nobilis's damages as described herein. The knowing and intentional commission of these acts by Defendant entitles Nobilis to recover exemplary damages under Texas law.

H.   **Jury Demand**

35. Plaintiff hereby demands a jury trial.

I.   **Request for Disclosure**

36. Pursuant to Rule 194, Defendant is requested to disclose, within 50 days of

**Exhibit 1**

service of this request, the information or material described in Rule 194.2.

J.  **Prayer for Relief**

Nobilis requests that the Court award a judgment against Defendant for the following:

a.  Actual damages as determined at trial;

b.  Exemplary damages as determined at trial;

c.  Prejudgment and postjudgment interest as prescribed by law or allowed by equity;

d.  Costs;

e.  All litigation expenses, to include attorneys' fees, accountants' fees, engineers' fees, consultant's fees and/or expert's fees; and

f.  All other relief to which Plaintiffs are entitled.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

By: /s/ Craig Smyser
Craig Smyser
Texas Bar No. 18777575
Tyler G. Doyle
Texas Bar No. 24072075
Crystal N. Robles
Texas Bar No. 24083754
700 Louisiana, Suite 2300
Houston, Texas 77002
713-221-2300
713-221-2320 (fax)
csmyser@skv.com
tydoyle@skv.com
crobles@skv.com

ATTORNEYS FOR PLAINTIFF
NOBILIS HEALTH CORP.

654838.4

**Exhibit 1**