UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Nobilis Health Corp., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-02386 |
| | § | |
| Great American Insurance Company, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Nobilis Health Corp. ("Nobilis") files this amended complaint against Great American Insurance Company ("Great American") for breach of its insurance contract with Nobilis and for breach of its duty of good faith and fair dealing with its insured, Nobilis. Nobilis also seeks a declaratory judgment declaring Nobilis's rights under the contract.

### I. Parties

1. Plaintiff Nobilis is a British Columbia, Canada corporation with its principal place of business at 11700 Katy Freeway, Suite 300, Houston, Harris County, Texas 77079.

2. Defendant Great American is an Ohio corporation with its principal place of business at 301 E. Fourth Street, Cincinnati, Ohio, 45202. Great American has been served with process.

### II. Jurisdiction and Venue

3. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are corporations incorporated in different states and have principle places of business in different states. There is complete diversity of citizenship.

4. Further, Nobilis estimates that it has incurred damages in excess of $1,000,000.

702549.6

Thus, the amount of controversy exceeds the $75,000 jurisdictional minimum.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

6. Defendant removed this case to federal court from proceedings in Texas state court on August 4, 2017.

### III.   Conditions Precedent

7. All conditions precedent have been performed or have occurred.

### IV.   Facts

8. Nobilis, formerly known as Northstar Healthcare, Inc., is a Houston-based healthcare development and management company. It owns, operates, and/or manages 25 locations throughout Texas and Arizona, including 4 hospitals, 10 ambulatory surgery centers, and 11 clinics. It further partners with several dozen facilities across the United States, and markets multiple brands and services.

9. Nobilis is a publicly-traded corporation. Since 2007, the company has traded its shares on the Toronto Stock Exchange. Since 2015, the company has also traded its shares on the New York Stock Exchange MKT ("NYSE MKT").

10. Like nearly all publicly-trade corporations, Nobilis bought a Director and Officer ("D&O") insurance policy for its company.

11. Nobilis's D&O insurer for the period of October 30, 2014 to October 30, 2015 was Great American. Pursuant to the Great American D&O Policy ("the Policy"), Great American agreed, *inter alia*, to: (A) "pay on behalf of the Insured Persons all Loss arising from a Claim . . . first made against the Insured Persons during the Policy Period or the Discovery Period for a Wrongful Act . . . .;" (B) "pay on behalf of the Company all Loss arising from a

2

Claim . . . first made against the Insured Persons during the Policy Period or the Discovery Period for a Wrongful Act;" and (C) "pay on behalf of the Insured Entity all Loss which the Insured Entity shall be obligated to pay as a result of a Claim . . . first made during the Policy Period or Discovery Period." Policy, § I.  The Policy also provides that "[m]ore than one Claim involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds shall be considered a single Claim." *Id.* at § VI, B.

12. In October 9, 2015, an anonymous poster on the website *Seeking Alpha* published an article attacking various aspects of Nobilis's business and claiming that the company's stock was seriously overpriced.  In the following days, Nobilis's stock price plunged, and on October 21, 2015, a class action lawsuit, *Hall v. Nobilis Health Corp.*, Case No. 4:15-cv-03098, was filed in the Southern District of Texas alleging securities fraud by Nobilis and certain of its officers.  The principal plaintiff's attorneys in the *Hall* suit were with the Pomerantz firm in New York.

13. Consistent with its obligations under its Great American policy, Nobilis timely notified Great American of the *Seeking Alpha* report and the *Hall* suit, and in response, Great American agreed to provide coverage on Nobilis's claim.

14. In December 2015, Nobilis obtained the voluntary dismissal of the *Hall* suit, as the plaintiff in that case was not willing or able to respond to a pending motion to dismiss.

15. However, in January 2016, the Pomerantz firm, which had filed the *Hall* suit, returned to file another class action suit, *Schott v. Nobilis Health Corp. et al.,* No. 4:16-CV-141, in the Southern District of Texas.  The *Schott* case made materially similar factual and legal allegations to those in the *Hall* case against Nobilis and certain of its officers.

16. That same month, a Canadian firm filed a class action securities fraud suit against Nobilis and certain of its officers—containing substantially similar allegations to the *Hall* and *Schott* suits, in the Ontario Superior Court of Justice. *See Cappelli v. Nobilis Health Corp. et al.*, No CV-16-544173.

17. The Policy defines a "Wrongful Act" as "any actual or alleged act, omission, error, misstatement, misleading statement, neglect, or breach of duty . . . by any Insured Persons," "any matter claimed against any Insured Persons by reason of their status with the Company," or "any actual alleged act, omission, error, misstatement, misleading statement, neglect or breach of duty . . . by the Insured Entity." Policy, § III, AA. "Related Wrongful Acts" are "Wrongful Acts which are causally connected by reason of any common fact, circumstance, situation, transaction, casualty, event or decision." Policy, § III, W. The *Schott* and *Cappelli* cases involved the same Wrongful Acts and/or Related Wrongful Acts as the *Hall* case.

18. Again, Nobilis timely notified Great American of the claims against it, i.e., the *Schott* and *Cappelli* suits.

19. The Policy provides that "[m]ore than one Claim involving the same Wrongful Act or Related Wrongful Acts of one or more Insureds shall be considered a single Claim. All such Claims constituting a single Claim shall be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such Claim was first made . . . " Policy, § VI, B.

20. It further provides that "[i]f during the Policy Period . . . ., any Insured first becomes aware of a specific Wrongful Act and gives notice to the Insurer . . . then any Claim

arising out of such Wrongful Act which is subsequently made against the Insured shall be deemed to have been made at the time the Insurer received such written notice from the Insured." *Id.* at § VIII, B.

21. Accordingly, the Claims made against Nobilis and its officers in the *Schott* and *Cappelli* suits are deemed to have been made at the time Nobilis notified Defendant of the *Seeking Alpha* post and the *Hall* Claim—within the Policy Period—because the *Schott* and *Cappelli* suits involved the same or Related Wrongful Acts.

22. Great American had a duty to advance Nobilis the Costs of Defence once it received notice that Nobilis was subject to litigation and defending itself and its officers in these suits. Had Great American properly acknowledged that these claims were covered under the Policy, Nobilis would have paid any Retention due under the policy (if necessary), and Great American would have been obligated to advance the Costs of Defence within 60 days of notice of litigation costs. *See* Policy, § VII, E.

23. However, in a letter dated April 22, 2016—and again on November 18, 2016—, counsel for Great American denied coverage to Nobilis and refused to provide a defense on the basis that the *Schott* and *Cappelli* suits were not related to the *Seeking Alpha* report and the *Hall* lawsuit, even though the *Schott* and *Cappelli* cases contained nearly identical factual and legal allegations to those in the earlier *Hall* lawsuit. The reason the insurer gave for refusing coverage was that the later-filed lawsuits allegedly did not involve the same Wrongful Acts or Related Wrongful Acts as those terms were used in the D&O Policy.

24. Great American made this denial in spite of the fact that, among other things:

    a. All three suits contained nearly identical class periods beginning in March or April of 2015;

5

    b.    The same class action firm brought the two Southern District of Texas cases;

    c.    All three suits identified the *Seeking Alpha* post as the original corrective disclosure;

    d.    All three suits were predicated upon allegations that Nobilis made misrepresentations regarding its financial state and accounting procedures beginning with its annual reports for fiscal year ending 2014, *i.e.* the 2014 10-K in the U.S. and the audited financial statements, AIF and MD&A for 2014 in Canada, as well as in its May and August 2015 quarterly reports.

    e.    All three suits alleged that Nobilis engaged in accounting irregularities and misreported its financials in the 2014-Q2 2015 time period, thus inflating the company's stock price, *i.e.*:

        i.    *Cappelli* has alleged that Nobilis's "FYE 2014 and Q1 and Q2 financial statements were incorrect and . . . provid[ed] . . . a misleading view of the Company's revenues, expenses, and general business operations,"

        ii.    *Schott* has alleged, inter alia, that Nobilis "overstated its net income"—a function of revenues—for fiscal year ending 2014 and Q1 2015,

        iii.    *Hall* alleged that Nobilis had "overstated its 2014 revenues…and revenue growth rate," and;

    f.    All three suits alleged that Nobilis made misrepresentations in its accounting for its 2014 acquisitions

25.    In October 2016, the plaintiffs in the *Schott* case again voluntarily dismissed their case, this time after the District Court, Hon. Lee Rosenthal, granted Nobilis's Motion to Dismiss, albeit with leave to amend. The *Cappelli* case remains ongoing. In both cases, Nobilis has spent substantial sums of money—in excess of $1,000,000 in total—defending itself without reimbursement by Great American.

26.    Following Great American's denial of coverage, Nobilis retained counsel in an

effort to reach a compromise between the parties. However, Great American has continued to deny coverage and refuse to provide a defense to Nobilis, thus necessitating this lawsuit.

### V. Count 1- Breach of the Duty of Good Faith and Fair Dealing

27. Nobilis repeats and realleges each and every allegation contained above as if fully set forth herein.

28. Defendant Great American denied and refused to provide coverage under its insurance contract with Nobilis when it knew or should have known that coverage of the claims against Nobilis was reasonably clear.

29. Under Texas law, an insurer's decision to deny coverage under its insurance contract when it should have known that coverage was reasonably clear constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

30. Nobilis seeks recovery of all tort damages suffered as a result of Defendant's breach, including economic damages which resulted from the breach of its duty of good faith and fair dealing. In addition, Nobilis seeks prejudgment and postjudgment interest and court costs.

### VI. Count 2 - Cause of Action for Breach of Contract

31. Nobilis repeats and realleges each and every allegation contained above as if fully set forth herein.

32. The relationship between Nobilis and Great American was memorialized in a series of contractual documents.

33. In these contracts, Defendant agreed that it would pay Claims made by Nobilis, and that "More than one Claim involving the same Wrongful Acts or Related Wrongful Acts . . . shall be considered a single claim. All such Claims constituting a single Claim shall be deemed to have been made on the earlier of the following dates: (1) the earliest date on which any such

Claim was first made." Policy, § VI, B.

34.  The parties further agreed that "If, during the Policy Period . . . any Insured [Nobilis] first becomes aware of a specific Wrongful Act and gives notice to the Insurer [Defendant] of: (i) the specific Wrongful Act, (ii) the injury or damage which has or may result therefrom; and (iii) the circumstances by which the Insured [Nobilis] first become aware thereof; then any claim arising out of such Wrongful Act which is subsequently made against the Insured [Nobilis] shall be deemed to have been made at the time the Insurer [Defendant] received such written notice from the Insured [Nobilis]." Policy, § VIII, B.

35.  The *Seeking Alpha* and *Hall* suit contained allegations against Nobilis and certain of Nobilis's officers involving Wrongful Acts covered by the Policy.

36.  Here, there is no dispute that Nobilis made a timely claim as to the *Seeking Alpha* post and resulting *Hall* suit, and that Defendant agreed to provide coverage.

37.  The *Schott* and *Cappelli* suits involved the same Wrongful Acts or Related Wrongful Acts, and Nobilis also timely notified Defendant of each suit. These Claims are thus deemed to have been made on the earliest date the same claim was made, *i.e.*, when Nobilis notified Defendant of the *Seeking Alpha* and the *Hall Suit*, within the Policy Period.

38.  Pursuant to Section VII, E of the Policy, Great American had a duty to advance the Costs of Defence once it received notice that Nobilis was subject to litigation and was defending itself and its officers in this litigation. Yet in spite of this, and in breach of its contractual obligations, Defendant denied coverage on the basis that the *Schott* and *Cappelli* suits were not related to the *Seeking Alpha* post and the resulting *Hall* suit.

39.  In defending itself, *supra*, Nobilis incurred costs in excess of $1,000,000 that

must be reimbursed by Defendant.

40. Nobilis seeks recovery of all damages suffered as a result of Defendant's breach of contract. In addition, Nobilis seeks prejudgment and postjudgment interest and court costs.

41. Nobilis seeks recovery for the attorneys' fees it has incurred in bringing and prosecuting this lawsuit.

### VII. Count 3- Request for Declaratory Judgment

42. Nobilis repeats and realleges each and every allegation contained above as if fully set forth herein.

43. Nobilis brings suit for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

44. As discussed *supra*, there is an actual, substantial case and controversy between the Parties as to whether Defendant Great American improperly denied Nobilis coverage for claims made in the *Schott* and *Cappelli* lawsuits. This dispute is definite, concrete, and immediate.

45. Nobilis and Defendant entered into a contract for D&O Coverage.

46. The *Seeking Alpha* and *Hall* suit contained allegations against Nobilis and certain of Nobilis's officers involving Wrongful Acts covered by the Policy.

47. Here, there is no dispute that Nobilis made a timely claim as to the *Seeking Alpha* post and resulting *Hall* suit, and that Defendant agreed to provide coverage.

48. The *Schott* and *Cappelli* suits involved the same Wrongful Acts or Related Wrongful Acts, and Nobilis also timely notified Defendant of each suit. These Claims are thus deemed to have been made on the earliest date the same claim was made, *i.e.*, when Nobilis

notified Defendant of *Seeking Alpha* and the *Hall Suit,* within the Policy Period..

49. Great American had a duty to acknowledge coverage and advance the Costs of Defence once it received notice that Nobilis was subject to litigation and was defending itself and its officers in this litigation.

50. Yet in spite of this, and in breach of its contractual obligations, Defendant denied coverage on the basis that the *Schott* and *Cappelli* suits were not related to the *Seeking Alpha* post and the resulting *Hall* suit.

51. Nobilis has incurred—and continues to incur—litigation costs and expenses as a result of Defendant's breach.

52. Nobilis requests a declaration that the claims made against Nobilis in the *Schott* and *Cappelli* suits are covered under Nobilis's D&O Policy with Great American and that Great American has a duty to pay and/or advance Nobilis the Costs of Defence in the *Schott* and *Cappelli* suits.

53. Declaratory relief is necessary to determine the rights of the Parties under the Policy.

54. Nobilis also requests all necessary and proper relief based on a declaratory judgment, including but not limited to damages, pursuant to 28 U.S.C. § 2202.

### VIII.   Damages

55. As a direct and proximate result of Defendant's conduct, Nobilis suffered actual damages in excess of $1,000,000 defending itself and its officers against the claims described *supra*. Defendant must reimburse these fees.

56. Nobilis seeks recovery of all damages suffered as a result of Defendant's breach

of contract.

57. Each of the acts described above, together and singularly, was done knowingly, as that term is used in the Texas Insurance Code, and was a cause of Nobilis's damages as described herein. The knowing and intentional commission of these acts by Defendant entitles Nobilis to recover exemplary damages under Texas law.

## IX. Attorney Fees & Costs

58. Nobilis seeks recovery for the attorneys' fees it has incurred in bringing and prosecuting this lawsuit pursuant to § 38.001 of the Texas Civil Practice and Remedies Code.

## X. Prayer for Relief

Nobilis requests that the Court award a judgment against Defendant for the following:

a. Actual damages as determined at trial;

b. Exemplary damages as determined at trial;

c. Prejudgment and postjudgment interest as prescribed by law or allowed by equity;

d. Costs;

e. All litigation expenses, to include attorneys' fees, accountants' fees, engineers' fees, consultant's fees and/or expert's fees; and

f. All other relief to which Plaintiffs are entitled.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

By: /s/ Tyler G. Doyle
Craig Smyser
Texas Bar No. 18777575
Fed. Bar No. 848
Tyler G. Doyle
Texas Bar No. 24072075
Fed. Bar No. 1373873
Crystal N. Robles
Texas Bar No. 24083754
700 Louisiana, Suite 2300
Houston, Texas 77002
713-221-2300
713-221-2320 (fax)
csmyser@skv.com
tydoyle@skv.com
crobles@skv.com

**ATTORNEYS FOR PLAINTIFF
NOBILIS HEALTH CORP**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.1 on the 17th day of November, 2017.

/s/ Tyler G. Doyle
Tyler G. Doyle

702549.6